UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANCIS GOODS,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF BAKERFIELD, et al.,<br><br>        Defendants. | Case No.: 1:19-cv-00662-AWI-JLT<br><br>ORDER TO THE PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT, TO NOTIFY THE COURT HE WISHES TO PROCEED ONLY ON THE COGNIZABLE CLAIM OR TO DISMISS THE ACTION |

Charles Francis Goods is proceeding *pro se* and *in forma pauperis* in this action against officers of the Bakersfield Police Department and the City of Bakersfield. (*See* Doc. 1 at 1-2; Doc. 5 at 1.) According to Plaintiff, police officers used excessive force against him during an arrest. Because Plaintiff fails to allege facts sufficient to support his claims, the complaint is **DISMISSED** with leave to amend.

**I.    Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the complaint if it is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the first amended complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). A plaintiff's claim is frivolous "when the

1

facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**II.     Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim,

"notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Section 1983 Claims

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

### IV. Factual Allegations

Plaintiff alleges that on November 4, 2018, Bakersfield police officers Trisha Waltree and Teri

Harless approached him and asked him to "lay down on the ground." (Doc. 5 at 1.) He told them that he could not comply because he had a broken rib. Id. In response, Officer Waltree "pulled [his] right shoulder and pulled [him] to the ground while Officer Harless struck [him] across [his] back." Id. Officer Harless struck him twice more as he lay on the ground. Based upon the foregoing facts, Plaintiff contends the Defendants are liable for the "use of excessive force." (Doc. 1 at 3)

**V.     Discussion and Analysis**

The Supreme Court of the United States determined the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' . . . are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained:

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (internal citations omitted). In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating the force used, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). In addition, the Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007)).

Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

### A. Liability of the Arresting Officers

Plaintiff admits that he refused to comply with the request of the defendants to lie on the ground but told them in explanation that he could not do so due to a broken rib. (Doc. 5 at 1) in response, Officer Waltree forced him to the ground while Officer Harless struck him with a baton. Id. Once on the ground—seemingly, now compliant with the officers' request—Officer Harless, nonetheless, struck him twice more with a baton. Id.

Assuming, as the Court must at this juncture, the facts alleged in first amended complaint are true, the facts alleged supports a claim for excessive force against Officer Harless. *See Watkins v. City of Oakland*, 145 F.3d 1087, 1090-93 (9th Cir. 1998); *Priester v. City of Riviera Beach*, 208 F.3d 919, 927 (11th Cir. 2000). An officer is not permitted to strike an arrestee after he has become compliant.

On the other hand, there are no allegations that Waltree had an opportunity to intervene in Harless' use of force once the plaintiff became compliant. There are no facts alleged to suggest that the officers lacked legal cause to require the plaintiff to assume a prone position or that the officer's action in taking the plaintiff's shoulder and forcing him to the ground was unlawful. Indeed, the plaintiff admits that he refused to comply when Waltree told him to lie on the ground. There mere fact that he was suffering from an injury would not necessarily be a proper basis for the plaintiff to refuse a lawful order by police. Thus, the Court finds that the plaintiff has not stated a claim against Officer Waltree.

### C. Municipal Liability

Local governments, such as cities, are "persons" subject to suit for "constitutional tort[s]" under Section 1983. *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). To state a civil rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92.

A plaintiff may show a municipal policy or custom in three ways:

(1) A longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;

(2) The decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision; or

(3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). In addition, a municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id.*

The Plaintiff named the City of Bakersfield as a defendant in his first amended complaint rather than the police department. (Doc. 5 at 1.) However, he fails to allege facts to support a claim under Section 1983. There are no facts supporting a conclusion that the conduct of the defendant officers was part of an unlawful custom or policy of the City. Further, there is no link between a custom and policy of the City and the alleged excessive force. Accordingly, Plaintiff fails to allege facts to support a claim for municipal liability under Section 1983.

## VI.     Conclusion and Order

The plaintiff has stated a claim for excessive force against Officer Harless but no claim against Officer Waltree. Thus, the plaintiff may proceed in one of the following ways:

1.      He may file a second amended complaint to attempt to state a claim against Officer Waltree. **The Court will not again grant him leave to amend his complaint if he fails to state a claim in his second amended complaint. He must state at least one cognizable claim in his second amended complaint or the Court will recommend that the action be dismissed.** He is reminded again that if he chooses to file a second amended complaint, the Court cannot refer to earlier pleadings because, in general, an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Also, Local Rule 220 requires an amended complaint be "complete in itself without reference to the prior or superseded pleading." Thus, once the second amended complaint is filed, the older pleadings no longer serve any function in the case.

The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff is warned that "[a]ll causes of action alleged in [previous complaints] which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981));

    2.      He may file a notice that he wishes to proceed only on the claim against Officer Harless;

    3.      He may file a voluntary dismissal if he no longer wishes to pursue this action.

Based upon the foregoing, the Court **ORDERS**:

    1.      Plaintiff's first amended complaint is **DISMISSED** with leave to amend; and

    2.      Within thirty days from the date of service of this order, Plaintiff may file a second amended complaint, he may file a notice that he wishes to proceed only against Officer Harless or he may file a voluntary request to dismiss the action.

**<u>If Plaintiff fails to comply with this order, the Court will recommend that the action be dismissed for his failure to prosecute and failure to obey the Court's order</u>**.

IT IS SO ORDERED.

    Dated:   **July 3, 2019**                    **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE