# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANCIS GOODS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No.: 1:19-cv-0662- AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING CERTAIN CLAIMS AND DISMISSING THE BAKERSFIELD POLICE DEPARTMENT, THE CITY OF BAKERSFIELD, AND SGT. WOODS AS DEFENDANTS IN THIS ACTION |

    Conrad Wood asserts that officers of the Bakersfield Police Department and the City of Bakersfield are liable for violations of his civil rights related to the use of excessive force against Plaintiff during his arrest. (Doc. 5 at 1)

    Previously, the Court found the facts alleged were sufficient to support a claim for excessive force against Officer Teri Harless, but Plaintiff failed to allege cognizable claims against the City of Bakersfield, its police department, or Officer Waltree. (Doc. 3; Doc. 6) Plaintiff informed the Court he wishes to proceed only on the claim found cognizable. (Doc. 7) Therefore, as discussed below, the Court recommends the action proceed only on the claims for excessive force against Teri Harless.

**I.    Screening Requirement**

    When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant

who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Section 1983 Claims

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

### IV. Factual Allegations

Plaintiff alleges that on November 4, 2018, Bakersfield police officers Trisha Waltree and Teri Harless approached him and asked him to "lay down on the ground." (Doc. 5 at 1) He told the officers that he could not comply because he had a broken rib. (*Id.*) Plaintiff alleges Officer Waltree then "pulled [his] right shoulder and pulled [him] to the ground while Officer Harless struck [him] across [his] back." (*Id.*) He asserts Officer Harless also struck him twice more as he lay on the ground. (*Id.*)

# V. Discussion and Analysis

Based upon the foregoing facts, Plaintiff contends the Defendants are liable for the "use of excessive force." (Doc. 5 at 1; *see also* Doc. 1 at 3)

The Supreme Court of the United States determined the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained:

> As in other Fourth Amendment contexts … the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted). In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether a use of force was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). The Court may also consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007). Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

**A.     Liability of the Arresting Officers**

Plaintiff admits he refused to comply with the request of the officers to lie on the ground but explained that he could not do so due to a broken rib. (Doc. 5 at 1) In response, Officer Waltree forced him to the ground while Officer Harless struck him with a baton. (*Id*.) Once he was on the ground, Officer Harless struck Plaintiff twice more with a baton. (*Id.*)

Assuming, as the Court must at this juncture, the facts alleged in first amended complaint are true, the facts alleged supports a claim for excessive force against Officer Harless. *See Watkins v. City of Oakland*, 145 F.3d 1087, 1090-93 (9th Cir. 1998); *Priester v. City of Riviera Beach*, 208 F.3d 919, 927 (11th Cir. 2000). An officer is not permitted to strike an arrestee after he has become compliant.

There are no allegations that Waltree had an opportunity to intervene in Harless' use of force once the plaintiff became compliant. There are no facts alleged to suggest that the officers lacked legal cause to require the plaintiff to assume a prone position or that the officer's action in taking the plaintiff's shoulder and forcing him to the ground was unlawful. Indeed, the plaintiff admits that he refused to comply when Waltree told him to lie on the ground. There mere fact that he was suffering from an injury would not necessarily be a proper basis for the plaintiff to refuse a lawful order by police. Thus, the Court finds Plaintiff has stated a cognizable claim against Officer Harless but fails to state a claim against Officer Waltree. Accordingly, the Court **RECOMMENDS** the claim against Officer Waltree be **DISMISSED** without leave to amend.

**B.     Liability of Sgt. Woods**

Previously, Plaintiff identified Sgt. Woods as a defendant in the action. (Doc. 1 at 2) However, Plaintiff fails to include any factual allegations regarding Sgt. Woods in his complaint. (*See generally* Doc. 1) Consequently, the Court found Plaintiff failed to state a cognizable claim against Sgt Woods. Likewise Plaintiff did not allege any facts related to Sgt. Woods in his First Amended Complaint. (*See generally* Doc. 5) Accordingly, the Court **RECOMMENDS** Sgt. Woods be **DISMISSED** as a defendant in this action. *See Gonzales v. Lamanuzzi,* 2019 WL 636853, at *4 (E.D. Cal. Feb. 14, 2019) ("Plaintiff's allegations must establish each named defendant's involvement in the alleged deprivation, as there can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the alleged constitutional violation") citing *Rizzo*, 423 U.S. at 371-

72; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980)

### C. The Police Department as a Defendant

Previously, Plaintiff identified the Bakersfield Police Department as a defendant in this action. (Doc. 1) Although municipalities, such as cities and counties, are amenable to suit, sub-departments or bureaus of municipalities—like the Bakersfield Police Department—are "not generally considered 'persons' within the meaning of Section 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) ("Although municipalities, such as cities and counties, are amenable to suit … sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983"); *see also Gonzales v. City of Clovis,* 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of Section 1983); *Wade v. Fresno Police Dep't,* 2010 WL 2353525 at \*4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under Section 1983).

Because the Bakersfield Police Department is not a proper defendant in this action—and Plaintiff instead named the City as a defendant in his First Amended Complaint (Doc. 5 at 1)—the Court **RECOMMENDS** the police department be **DISMISSED** as a defendant.

### D. Municipal Liability

Local governments, such as the City of Bakersfield, are "persons" subject to suit for "constitutional tort[s]" under Section 1983. *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). To state a civil rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92.

A plaintiff may show a municipal policy or custom in three ways:

(1) A longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;

(2) The decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision; or

(3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). In addition, a municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id.*

The Plaintiff has named the City of Bakersfield as a defendant in his First Amended Complaint, rather than the police department. (*See* Doc. 5 at 1) However, he fails to allege facts to support a claim under Section 1983. There are no facts supporting a conclusion that the conduct of the defendant officers was part of an unlawful custom or policy of the City. Further, there is no link between a custom and policy of the City and the alleged excessive force. Accordingly, Plaintiff fails to allege facts to support a claim for municipal liability under Section 1983, and the Court **RECOMMENDS** the claim against the City of Bakersfield be **DISMISSED**.

### VI. Findings and Recommendations

For the reasons set forth above, and in the Court's prior orders, the Court finds Plaintiff is unable to proceed upon his claims against Officer Waltree, Sgt. Woods, the Bakersfield Police Department, and the City of Bakersfield.

Accordingly, the Court **RECOMMENDS**:

1. Plaintiff's claims against Officer Waltree, Sgt. Woods, the Bakersfield Police Department, and the City of Bakersfield be **DISMISSED**;
2. Officer Waltree, Sgt. Woods, the Bakersfield Police Department, and the City of Bakersfield be terminated as a defendant in this action; and
3. The action proceed only upon Plaintiff's claims under Section 1983 for excessive force, against Teri Harless.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

7

Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

    Dated: __**August 13, 2019**__                    __**/s/ Jennifer L. Thurston**__
                                                                UNITED STATES MAGISTRATE JUDGE