# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANCIS GOODS, | Case No.: 1:19-cv-0662- AWI - JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IFP STATUS AND DISMISS THE FIRST AMENDED COMPLAINT |
| v. | |
| CITY OF BAKERFIELD POLICE DEPT., et al., | |
| Defendants. | (Doc. 20) |

Charles Francis Goods is proceeding *in forma pauperis* in this action, in which he asserts Officer Teri Harless used excessive force against Plaintiff while placing him under arrest and is liable for a violation of his civil rights. (Doc. 5) Defendant seeks to have Plaintiff's *in forma pauperis* status revoked, asserting the First Amended Complaint should be dismissed without prejudice because Plaintiff is a vexatious litigant. (Doc. 20) For the reasons set forth below, the Court recommends Defendant's motion to dismiss be **DENIED**.

**I.    Procedural Background**

Plaintiff initiated this action by filing a complaint against the City of Bakersfield's Police Department and several of its officers on May 15, 2019. (Doc. 1) Because Plaintiff sought to proceed *in forma pauperis*, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides the Court "shall dismiss the complaint if it is "frivolous, malicious or fails to state a claim on which relief may be granted; or … seeks monetary relief against a defendant who is immune from

1

such relief." Although the Court determined Plaintiff initially failed to allege facts sufficient to support his claims, Plaintiff was given leave to amend his complaint. (Doc. 3)

Plaintiff filed a First Amended Complaint on June 6, 2019. (Doc. 5) The Court found Plaintiff alleged facts sufficient to support a claim for excessive force against Officer Harless, but failed to state a claim against the other defendants identified. (Doc. 6 at 5-6) Therefore, Plaintiff was informed he could proceed in the action either by attempting to amend his complaint or proceed on the cognizable claim against Officer Harless. (*Id.* at 7) Plaintiff notified the Court of his intent to proceed on the cognizable claim, and he later dismissed the other claims pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. 12)

On October 16, 2019, Officer Harless filed the motion now pending before the Court, seeking revocation of Plaintiff's *in forma pauperis* status and dismissal of the complaint. (Doc. 20)

**II.     Proceeding *In Forma Pauperis***

In general, the Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). However, permission to proceed *in forma pauperis* for prisoners is limited under the Prison Litigation Reform Act (PLRA), which was "intended to eliminate frivolous lawsuits" brought by prisoners. *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014). Specifically, the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As the Supreme Court explained, this "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1762 (2015) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). The Ninth Circuit explained that "[n]ot all unsuccessful cases qualify as a strike," and under the plain language of the PLRA, strikes "are prior cases or appeals, brought while the plaintiff was a prisoner,

2

which were dismissed on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Andrews v. King*, 398 F.3d 1113, 1116 n.1, 1121 (9th Cir. 2005). Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other action in forma pauperis in federal court unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

### III. Vexatious Litigants

Pursuant to Local Rule 151(b), the Eastern District of California has adopted the provisions of Title 3A, part 2 of the California Code of Civil Procedure regarding vexatious litigants. Under California law, a vexatious litigant is defined as a person who:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person . . . [or]
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

Cal. Code Civ. Pro. § 391(b).

The Ninth Circuit explained that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. Under federal law, the Court is instructed to consider "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.*, 912 F.2d at 1148. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Therefore, prior to declaring litigant "vexatious," the Court must (1) provide the litigant notice and a chance to be heard, (2) create an adequate record for review, (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) ensure any pre-filing order is "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147-48; *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

Though the first two requirements are procedural, the latter two are substantive, and a "separate set of considerations" may provide a "helpful framework" in "applying the two substantive factors."

*Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014), 761 F.3d at 1062 (citation omitted). These substantive considerations are: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Molski,* 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

### IV. Discussion and Analysis

Defendant asserts that "Plaintiff is a vexatious litigant who has filed multiple federal civil actions without merit, most of which have been dismissed for failure to state a claim upon which relief may be granted." (Doc. 20 at 1) According to Defendant, Plaintiff "was not entitled to IFP status" because he "had more than three inmate lawsuits that were dismissed for failure to state a claim upon which relief could be granted." (*Id.* at 5) In support of this contention, Defendant identifies the following actions filed by Plaintiff:

| DATE FILED | COURT AND CASE NAME/ NUMBER | DISPOSITION |
|---|---|---|
| 04/19/2019 | *Goods v. Kern County Superior Court*, U.S. District Court, Eastern District, Case No. 1:19-CV-00505-LJO-SAB-HC | The Court dismissed Goods' Writ of Habeas Corpus without prejudice [Dkt. No. 9]. |
| 05/15/2019 | *Goods v. Wasco CA State Prison*, U.S. District Court, Eastern District, Case No. [1:19-CV-0661-AWI-SAB][1] | Dismissed without prejudice for failure to exhaust administrative remedies. [Dkt. 17 at 2]. |
| 05/15/2019 | *Goods v. Bakersfield Police Department*, U.S. District Court, Eastern District, Case No. 1:19- CV-00662-AWI-JLT | Instant Action. |
| 05/15/2019 | *Goods v. Bakersfield Police Department*, U.S. District Court, Eastern District, Case No. 1:19- CV-00663-DAD-JLT | The Court issued an Order dismissing the action without prejudice for failure to state a claim [Dkt. No. 10]. |

---

[1] Defendant erroneously cited to a different case number in her table, which the Court has corrected for the sake of clarity.

4

| Date | Case | Disposition |
|---|---|---|
| 05/15/2019 | *Goods v. The County of Kern,* U.S. District Court, Eastern District, Case No. 1:19-CV-0664-DAD-JLT | The Court issued a Findings and Recommendation denying Goods' motion to proceed IPF and dismissing the Complaint for failure to state a claim upon which relief can be granted [Dkt. No. 4]. |
| 07/25/2019 | *Goods v. The County of Kern*, U.S. District Court, Central District, Case No. 2:19-CV-06453-CJC-GJS | The Court issued an Order denying Goods' motion to proceed IPF and dismissing his Complaint with prejudice on the following grounds: (1) failure to provide certified copy of trust fund statement for the last six (6) months; (2) improper venue; (3) frivolous, malicious, or fails to state a claim upon which relief may be granted; (4) leave to amend would be futile; and (5) denial constitutes a strike under "Three Strikes" provision governing the filing of prisoner suits (*O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) and barring Goods' claims pursuant to *Heck v. Humprey*, 512 U.S. 477 (1994) [Dkt. No. 4]. |
| 09/16/2019 | *Goods v. Wasco CA State Prison*, U.S. District Court, Eastern District (Sacramento), Case No. 2:19-CV-01859-DMC | Pending. |
| 09/16/2019 | *Goods v. Wasco CA State Prison*, U.S. District Court, Eastern District, Case No. 1:19-CV-01318-JLT | The Court issued an Order to Show Cause why the action should not be dismissed [Dkt. No. 8]. |

(*See* Doc. 20 at 3-4). Defendant argues that "based on the above cases, Goods' IFP status should be revoked and the Complaint dismissed." (*Id.* at 5)

### A. Whether Plaintiff has Three Strikes

The Ninth Circuit determined that "if defendants challenge a prisoner- plaintiff's IFP status, then the initial production burden rests with the defendants. Thus, when challenging a prisoner's IFP status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d at 1120 (internal quotation marks omitted). To determine whether an action qualifies as a strike under Section 1915, the Court must perform a "careful evaluation of the order dismissing an action, and other relevant information," to determine

whether the action was dismissed because it was frivolous, malicious, or failed to state a claim." *Andrews*, 398 F.3d at 1121. Accordingly, the Court has reviewed each of the actions identified above to determine whether the case should count as a strike.[2]

### 1. Actions that remain open

As an initial matter, the Court notes a few of the actions identified above by Defendant remain open. Specifically, although Defendant asserts *Goods v. Bakersfield Police Department*, U.S. District Court, Eastern District, Case No. 1:19- CV-00663-DAD-JLT was dismissed "for failure to state a claim" (Doc. 20 at 3), the action remains open. Instead, the Court has only issued Findings and Recommendations that the complaint be dismissed without prejudice for failure to state a claim that invokes this Court's jurisdiction. (*See* Case No. 1:19- CV-00663-DAD-JLT, Doc. 10) The Findings and Recommendations have yet to be addressed by the Court, and as such the case has not reached a disposition that may count as a strike. *See Silva v. Di Vittorio,* 658 F.3d 1090, 1098-99 (9th Cir. 2011) ("a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes").

In addition, *Goods v. Wasco CA State Prison*, Case No. 2:19-CV-1859-DMC was transferred from the Sacramento Division of the Eastern District Court on September 20, 2019; and it was renumbered for the Fresno Division as Case No. 1:19-cv-1318-JLT. Although the Court issued an order for Plaintiff to show cause why the action should not be dismissed as duplicative, the action remains pending. Thus, neither Case No. 2:19-CV-1859-DMC nor Case No. 1:19-cv-1318-JLT identified in Defendant's table above qualify as strikes under Section 1915(g).

### 2. Whether the habeas petition counts as a strike

Defendant observes that the Court dismissed Plaintiff's Writ of Habeas Corpus without prejudice in Case No. 1:19-CV-0505-LJO-SAB-HC. (Doc. 20 at 3) In general, "dismissed habeas petitions do not count as strikes under § 1915(g)." *See Andrews*, 398 F.3d at 1122; *see also Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997) ("PLRA's revised [in] forma pauperis provisions relating to

---

[2] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of the court's own records. *Mullis v. United States Bank. Ct.,* 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp*., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th Cir. 1980). Thus, judicial notice is taken of the dockets in each of the actions identified above.

prisoners do not apply to habeas proceedings"). The Court explained that the language of Section 1915(g) "does not encompass habeas petitions," because "Congress intended § 1915(g) to address civil rights and prison condition cases, not habeas petitions." *Andrews*, 398 F.3d at 1122. However, the Ninth Circuit recognized:

> [S]ome habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g). In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g).

*Andrews*, 398 F.3d at 1123 n.12. The Court likewise acknowledged that "that the opposite can also be true," as "a habeas petition can be mislabeled as a § 1983 claim (either inadvertently, or as a strategy to avoid the significant substantive hurdles of [the] habeas jurisprudence)." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1047 (9th Cir. 2016). Under such circumstances, the Court explained a "mislabeled habeas petition should be considered such for purposes of the PLRA, and that it should not count as a strike." *Id.* Thus, a court must review the "nature of the relief sought" to determine whether a petition sounds in habeas or "is analogous to the typical suits brought under 42 U.S.C. § 1983." *See Andrews*, 398 F.3d at 1122 (citing *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996)).

On April 19, 2019, Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to challenge his 2018 convictions for second-second-degree commercial burglary, attempted second-degree commercial burglary, and misdemeanor possession of a controlled substance. (Case No. 1:19-cv-00505-LJO-SAB, Doc. 1) Plaintiff requested that the charges be reduced from felonies to misdemeanors. (*Id.*, Doc. 1 at 15) The Court reviewed the petition observed that Plaintiff "may have failed to exhaust the claims that he [appeared] to raise," because there was no information in the petition regarding whether the claims were presented to the California Supreme Court. (*Id.*, Doc. 4 at 2) Thus, Plaintiff was ordered to show cause why the petition should not be dismissed for failure to exhaust his state remedies and for failure to identify his grounds for relief. (*Id.*, Doc. 4 at 3) Plaintiff failed to respond to the Court's order and his petition was "dismissed without prejudice for failure to exhaust state judicial remedies" on August 15, 2019. (*Id.*, Doc. 10 at 3 (emphasis omitted)).

Because Plaintiff clearly sought to challenge his conviction in the original petition and the relief requested related to a habeas proceeding rather than civil rights litigation, the action does not count as a

7

strike under Section 1915(g). *See El-Shaddai*, 833 F.3d at 1047 (explaining a habeas petition "challenging the fact or duration of the plaintiff's sentence" that is dismissed for failure to exhaust state remedies "should not count as a strike").

### 3. *Goods v. Wasco CA State Prison*, Case No. 1:19-CV-0661-AWI-SAB

Plaintiff filed a complaint for violations of his civil rights against Wasco State Prison, asserting that he had developed cancer from the black and green mold on the walls in the prison. (*See* Case No. 1:19-CV-0661-AWI-SAB, Doc. 1) On the complaint form, Plaintiff indicated that he had not filed a grievance concerning the facts related to the complaint but did not explain whether there was a grievance procedure available at the institution. (*See id.*, at 2) The Court issued an order to Plaintiff to show cause why the action should not be dismissed without prejudice for his failure to exhaust administrative remedies. (*Id.*, Doc. 8) After Plaintiff failed to respond to the order, the Court recommended Plaintiff's complaint be dismissed for failure to obey the Court's order and failure to prosecute. (*Id.*, Doc. 10) Thereafter, Plaintiff filed a motion to amend the complaint, but did not address whether the administrative remedies were exhausted. Consequently, the Court dismissed his complaint without prejudice for failure to exhaust the administrative remedies. (*Id.*, Doc. 17) Defendants have offered no analysis as to whether this dismissal should count as a strike. (*See* Doc. 20 at 3-4)

Pursuant to the PLRA, a plaintiff must exhaust all administrative remedies prior to filing a complaint against prison officials. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Although failure to exhaust administrative remedies is an affirmative defense, "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." *El-Shaddai*, 833 F.3d at 1043 (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Thus, when a plaintiff's failure to exhaust is "clear from the face of the complaint," the dismissal may be counted as a strike under the PLRA. *Id.; see also Hammler v. Compose,* 2019 U.S. Dist. LEXIS 154434, *4 (E.D. Cal. Sept. 10, 2019) (finding an action counted as a strike under Section 1915(g) where it was dismissed for the claimant's failure to exhaust administrative remedies). Because Plaintiff clearly indicated that he had not exhausted administrative remedies in his complaint, the Court finds the dismissal of this action counts as a strike under Section 1915(g.)

8

///

### 4. *Goods v. The County of Kern*, Case No. 1:19-CV-0664-DAD-JLT

Defendant observes that this action was dismissed, asserting the dismissal was "for failure to state a claim upon which relief can be granted." (Doc. 20 at 3) In the complaint, Plaintiff asserted that he was wrongfully sentenced in a criminal proceeding, and sought monetary damages under 42 U.S.C. § 1983. (*See* Case No. 1:19-CV-0664-DAD-JLT, Doc. 1) The Court reviewed the allegations, and observed that "[a] civil rights complaint under Section 1983 cannot proceed when 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" (*Id.*, Doc. 4 at 4, quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)) Because Plaintiff's conviction was not invalidated and he "challenge[d] the validity of his sentence, including the duration of his incarceration," the Court determined Plaintiff's claim was barred by *Heck*. (*Id.*, Doc. 4 at 5) Further, the Court declined to convert the civil rights action to a petition for habeas corpus because Plaintiff had not exhausted his state court remedies. (*Id.*, Doc. 4 at 5) Thus, Plaintiff's complaint was "dismissed without prejudice for lack of subject matter jurisdiction." (*Id.*, Doc. 4 at 6; *see also* Doc. 9 at 2) (emphasis omitted)

Significantly, the Ninth Circuit has distinguished between dismissals for failure to state a claim and dismissals for lack of subject matter jurisdiction. *See In Moore v. Maricopa Cty. Sheriff's Office,* 657 F.3d 890 (9th Cir. 2011). The Court observed that the lack of subject matter jurisdiction is not a dismissal on the grounds enumerated in Section 1915(g). *Id.* ("[n]owhere does the three-strikes rule mention 'lack of subject matter jurisdiction'"); *see also Hoffman v. Pulido*, 982 F.3d 1147, 1152 (9th Cir. 2909). Thus, where a case is dismissed in part, for lack of subject matter jurisdiction, the dismissal may not be counted as a strike. *Hoffman*, 982 F.3d at 1152. The Court explained that "to qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason. *Id.* Thus, "even if certain claims in a prisoner's lawsuit are dismissed as frivolous or malicious, or for failing to state a claim, that dismissal will not qualify as a PLRA strike if there are other claims that are either not dismissed or are dismissed for different, non-enumerated reason." *Id.*

Further, the Court determined that "[a]pplication of the *Heck* bar does support a strike… when the Heck deficiency is plain from the face of the complaint and plaintiff therefore could not possibly secure relief." *Green v. CDCR*, 2018 WL 3089395 at *4 (E.D. Cal. June 21, 2018) (citing *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016).

The Court found Plaintiff failed to state a claim because the relief requested was barred under *Heck*, and this Court's subject matter jurisdiction was not invoked. Because Plaintiff "could not possibly secure relief" and the dismissal was, in part, due to lack of a subject matter jurisdiction, the dismissal in Case No. 1:19-CV-0664-DAD-JLT may not be counted as a strike. *See Hoffman*, 982 F.3d at 1152; *Green*, 2018 WL 3089395 at *4.

### 5. Conclusion

For the foregoing reasons, the Court finds Defendant failed to carry her burden to "produce documentary evidence that … the plaintiff has filed at least three prior actions that were dismissed because they were frivolous, malicious or failed to state a claim." *See Andrews*, 398 F.3d at 1120. Although Plaintiff was assessed a strike by the Central District in Case No. 2:19-CV-06543-CJC-GJS, Defendant does not demonstrate two additional cases filed in the Eastern District should be counted as strikes. Thus, the Court recommends the motions to revoke Plaintiff's *in forma pauperis* status and dismiss the complaint, on grounds that he had more than three strikes under Section 1915(g), be **DENIED**.

### B. Status as a Vexatious Litigant

As noted above, under California law, a vexatious litigant is defined as a person who has filed at least five actions, other than those in small claims courts, that were "finally determined adversely to the person" or "repeatedly relitigates or attempts to relitigate" the same causes of action against the same defendants. *See* Cal. Code Civ. Pro. § 391(b). Here, Defendant has offered no analysis as to whether Plaintiff meets this definition of a vexatious litigant.

Regardless, the Court notes that Defendant has identified only three civil actions that were dismissed by the Court, of which two may be counted as strikes under the PLRA. Further, Defendant fails to demonstrate that Plaintiff has repeatedly attempted to relitigate the same causes of action against the same defendants. Consequently, the Court finds Defendant has failed to demonstrate

Plaintiff is a vexatious litigant and recommends Defendant's motion to find Plaintiff a vexatious litigant, revoke the IFP status, and dismiss the complaint be **DENIED**.

### V.     **Findings and Recommendations**

Based upon the foregoing, the Court finds Defendant fails to "produce documentary evidence that … the plaintiff has filed at least three prior actions" that qualified as strikes under the PLRA. *See Andrews*, 398 F.3d at 1120. In addition, Plaintiff is not a vexatious litigant within the meaning of Cal. Code Civ. Pro. § 391(b).

Accordingly, the Court **RECOMMENDS**: Defendant's motion to revoke Plaintiff's *in forma pauperis* status and dismiss the First Amended Complaint (Doc. 20) be **DENIED**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed within seven days of the date of service to the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **October 26, 2019**               **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE