# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANCES GOODS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-662-JLT<br><br>ORDER VACATING THE SCHEDULING CONFERENCE SET FOR NOVEMBER 12, 2019<br><br>ORDER TO THE PARTIES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR THEIR FAILURE TO COMPLY WITH THE COURT'S ORDER |

Charles Francis Goods is proceeding in forma pauperis in this action, in which he asserts Officer Teri Harless used excessive force against Plaintiff while placing him under arrest and is liable for a violation of his civil rights.

After the Court found service of the First Amended Complaint was appropriate, it issued an "Order Setting Mandatory Scheduling Conference" on August 14, 2019. (Doc. 10) At that time, the parties were ordered to prepare a joint scheduling report and file it one week prior to the scheduling conference, set for November 12, 2019. (*Id.* at 2) Thus, the parties were to file a joint scheduling report no later than November 5, 2019. To date, the parties have filed neither a joint statement nor unilateral statements indicating an in ability to meet and confer.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

1

inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (sanctions for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (terminating sanctions for failure to prosecute and to comply with local rules). Accordingly, the Court **ORDERS**:

1. The scheduling conference set for November 12, 2019 is **VACATED**; and
2. The parties are **ORDERED** to show cause **within fourteen days** of the date of service of this order why sanctions should not be imposed for their failure comply with the Court's order and failure to file the joint scheduling report

IT IS SO ORDERED.

Dated: __November 7, 2019__       _____/s/ Jennifer L. Thurston__
                                    UNITED STATES MAGISTRATE JUDGE