UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANCIS GOODS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF BAKERFIELD POLICE DEPT., et al.,<br><br>        Defendants. | Case No.: 1:19-cv-662 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |

Charles Francis asserts Officer Teri Harless used excessive force against Plaintiff while placing him under arrest and is liable for a violation of his civil rights. (*See generally* Doc. 5) Because Plaintiff has failed to comply with the Local Rules and failed to prosecute this action, the Court recommends the matter be **DISMISSED**.

**I.    Relevant Background**

Plaintiff initiated this action by filing a complaint against the City of Bakersfield's Police Department and several of its officers on May 15, 2019. (Doc. 1) Because Plaintiff sought to proceed *in forma pauperis*, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides the Court "shall dismiss the complaint if it is "frivolous, malicious or fails to state a claim on which relief may be granted; or … seeks monetary relief against a defendant who is immune from such relief." Although the Court determined Plaintiff initially failed to allege facts sufficient to support his claims, Plaintiff was given leave to amend his complaint. (Doc. 3)

1

Plaintiff filed a First Amended Complaint on June 6, 2019.  (Doc. 5) The Court found Plaintiff alleged facts sufficient to support a claim for excessive force against Officer Harless but failed to state a claim against the other defendants identified. (Doc. 6 at 5-6) Therefore, Plaintiff was informed he could proceed in the action either by attempting to amend his complaint or proceed on the cognizable claim against Officer Harless.  (*Id.* at 7) Plaintiff notified the Court of his intent to proceed on the cognizable claim, and he later dismissed the other claims pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. 12)

The Court issued a scheduling order in the action on February 6, 2020. (Doc. 21) However, the Court's order was returned as "Undeliverable, Refused; Return to Sender" by the United States Postal Service on March 10, 2020.   To date, Plaintiff's correct address remains unknown, and he has not identified a proper mailing address for the Court.

## II.     Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  LR 183(b).

Because more than 63 days have passed since the order was returned as undeliverable, Plaintiff has failed to comply with the Local Rules.

## III.    Failure to Prosecute

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

### IV.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A.     Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Local Rules and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B.     Prejudice to Defendants

To determine whether the defendants have been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618

3

(9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff has ceased prosecution of the action and has not communicated a proper mailing address to the Court, Defendants have been prejudiced through the delays caused by Plaintiff. Thus, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

### D. Public policy

Given Plaintiff's failure to comply with the Local Rules and prosecute the action, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

## V. Findings and Recommendations

Plaintiff has failed to follow the requirements of the Local Rules or to prosecute this action. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter. Accordingly, the Court **RECOMMENDS**:

1. This action be **DISMISSED** without prejudice;
2. The remaining motions be terminated as moot; and
3. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

4

1  specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153
2  (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

4  IT IS SO ORDERED.

    Dated: __**May 13, 2020**__                        **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE